[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 13, 2005
THOMAS K. KAHN
CLERK

---------------------------------------

No. 04-14336
Non-Argument Calendar

---------------------------------------

BIA No. A95-233-217

JEFFERSON STEYN ALFONSO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

------------------------------------------------------------------

(May 13, 2005)

Before EDMONDSON, Chief Judge, BLACK and PRYOR Circuit Judges.

PER CURIAM:

Petitioner Jefferson Steyn Alfonso petitions for review of the Board of Immigration Appeals ("BIA") order affirming without opinion the immigration judge's ("IJ") removal order and the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, 1231(b)(3)[*]. No reversible error has been shown; the petition is denied.

When the BIA adopts the IJ's opinion and summarily affirms the IJ's decision, the IJ's decision becomes the final removal order. Sepulveda v. U.S. Attorney General, 401 F.3d 1226, 1230 (11th Cir. 2005). We review the IJ's factual findings under the substantial evidence standard. Id. "Under this highly deferential standard of review, the IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id. (quoting INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n.1 (1992)).

On 26 March 2002, the INS charged Petitioner with remaining in the United States longer than permitted by his entry documents, in violation of INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). Petitioner was admitted lawfully to the United States on 8 November 2001; his authorization to remain expired on 7

---

[*] Petitioner also sought relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). He advances in this appeal no claim of error based on the denial of CAT relief.

February 2002.  At a hearing before the IJ, Petitioner conceded removability but sought asylum, withholding of removal, and protection under the CAT.

Petitioner, a native and citizen of Columbia, was a university trained engineer who claimed to have been targeted by FARC members beginning in May 2001.  According to Petitioner, the FARC wanted information about military flights to which the FARC believed Petitioner had access because Petitioner worked for a company that did business with the Columbian government. Before the IJ, Petitioner chronicled a series of encounters with FARC members that included (i) receipt of vulgar phone calls; (ii) two kidnaping incidents; and (iii) a shooting incident, all of which were accompanied by threats to Petitioner's life. Petitioner also testified that he had been active with the community board in his country.  Petitioner claimed entitlement to refugee status because the FARC viewed him as an enemy based on his business dealings with the Columbian government and because of his consistent refusals to help the FARC.

The IJ, after reviewing Petitioner's testimony and the documentary evidence he submitted, concluded that Petitioner failed to meet his burden of proof in establishing refugee status because his testimony was not credible.  The IJ set out in some detail the materials underlying her adverse credibility assessment and also noted that the record indicated that "the concept of filing for political asylum was

3

very much planned and prearranged prior to [Petitioner] coming to the United States."

Petitioner takes issue with the conclusion that he failed to proffer sufficient evidence to support a finding of past persecution and a well-founded fear of future persecution on account of the political opinion imputed to him by the FARC. But Petitioner fails to address the IJ's finding that Petitioner was incredible; this credibility determination -- much like other findings of fact -- is reviewed under the substantial evidence test. See D-Muhumed v. U.S. Attorney General, 388 F.3d 814, 818 (11th Cir. 2004) (credibility determinations are reviewed under the substantial evidence test). Once an adverse credibility determination is made, the alien applicant bears the burden "to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue v. U.S. Attorney General, 401 F.3d 1282, 1287 (11th Cir. 2005) (quoting D-Muhumed, 388 F.3d at 819).

The IJ presented specific, cogent reasons for concluding that Petitioner's testimony was incredible; and substantial record evidence supports those reasons. See D-Muhumed, 388 F.3d at 819. And, as we have noted, Petitioner takes no issue with this finding. An IJ's detailed adverse credibility determination by itself may be sufficient to support the denial of relief. See Forgue, 401 F.3d at 1287; D-

4

Muhumed, 388 F.3d at 819).   But, of course, when an applicant produces other evidence, the IJ must consider that other evidence as well.  Forgue, 401 F.3d at1287.

The IJ considered all the record evidence -- Petitioner's testimony and the documentary evidence related to his claim -- and concluded that Petitioner failed to meet his burden of proof to establish his refugee status.   See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (asylum applicant bears burden of proving "refugee" status); 8 C.F.R. § 208.13(a).   Upon review of the record as a whole, viewing the evidence in the light most favorable to the agency's decision and drawing all inferences supportive of that decision, see Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), petition for cert. filed (October 28, 2004 (No. 04-7944),  Petitioner fails to show reversible error in the denial of asylum or withholding of removal.

PETITION DENIED.